No. 05–1060–AG.

United States Court of Appeals, Second Circuit.

March 7, 2006.

Anastas A. GJIKA, Petitioner,

v.

Michael CHERTOFF,[1] Secretary, U.S. Department of Homeland Security, Michael Garcia, Acting Asst. Secretary U.S. Immigration & Customs Enforcement, Edward J. McElroy, Field Office Director U.S. Immigration & Customs Enforcement, U.S. Attorney General Alberto R. Gonzales,[2] Respondents.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Department of Homeland Security Michael Chertoff is automatically substituted for former Secretary Thomas Ridge as the respondent in this case.

2. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Heidi J. Meyers, New York, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Heather R. Phillips, Valinda Jones, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Anastas Gjika, though counsel, petitions for review of the February 7, 2005 BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a short decision that primarily adopts and affirms that of the IJ, this Court reviews the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings regarding whether an applicant has met his or her burden of proof under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 148–49 (2d Cir.2003).

■ In this case, substantial evidence supports the IJ's finding that Gjika failed to establish past persecution. In 2003 the IJ reasonably concluded that Gjika had again failed to provide sufficient detail about the nature and degree of his political involvement, or to give a persuasive explanation for why he was signaled out for arrest when he was not an active participant at the demonstration. Therefore, the agency had reason to find that he failed to meet his burden of proving that his arrest was on account of his pro-democracy activities.

■ Even if he had established past persecution, however, the IJ also reasonably found that Gjika's own admissions were sufficient to rebut any presumption of, and to preclude him from establishing independently, a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1)-(2). He admitted at the 2003 hearing that the Communists released him from prison after fifteen days because they had decided to allow political pluralism, and that the Democratic Party won the elections in 1992, and was still in power when he left Albania in 1995. Moreover, he suggested he did not leave Albania out of fear for his life, by stating that he had no problems with the police between 1990 and 1995, and left because he disagreed with the Democratic Party's appointments of corrupt and uneducated officials. His substantial delay in applying for asylum once he arrived in the United States further undermines his claim of

subjective fear, particularly when he explained that he did not explore the possibility because he was able to find work and did not feel the need. Finally, he has not alleged any significant deterioration in country conditions since his arrival. Accordingly, substantial evidence supports the IJ's and BIA's finding that Gjika failed to establish a subjectively or objectively genuine or objectively reasonable fear of persecution, or to meet the higher burden necessary to establish eligibility for withholding. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

Finally, Gjika failed to demonstrate that someone in his "particular alleged circumstances" was more likely than not to be tortured by the authorities based on his evidence of random violence in Albania. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). Moreover, the focus of a CAT claim is on future, rather than past, treatment, and therefore Gjika's experience with the Communist police in 1990 is not sufficiently probative of the treatment he would be likely to experience under the current government. *See Ramsameachire,* 357 F.3d at 185. Therefore, he failed to establish eligibility for CAT relief.

For the foregoing reasons, the petition for review is DENIED.